IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRENT JOHNSON                                                                PLAINTIFF

v.                             5:13-cv-41-DPM

UNION PACIFIC RAILROAD COMPANY                          DEFENDANT

SECOND AMENDED FINAL SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), the Court orders:

- Deadline to request any
  pleading amendment ................. **3 November 2014**

- Joint status report due ................. **3 December 2014**

- Plaintiffs shall identify all
  expert witnesses and produce
  their opinions by ..................... **3 December 2014**

- Defendants shall identify all
  expert witnesses and produce
  their opinions by ..................... **6 January 2015**

- Plaintiff shall identify any rebuttal
  expert witnesses and produce
  their opinions by ..................... **21 January 2015**

- Discovery cutoff ..................... **30 January 2015**

January 2014

- Dispositive motions due[1] . . . . . . . . . . . . .  **10 February 2015**

- Joint status report, including
  settlement conference request, due  . . . . .  **13 February 2015**

- Deposition designations exchanged[2] . . . . . . .  **11 March 2015**

- Motions in limine due  . . . . . . . . . . . . . . . . . . .  **30 March 2015**

- Local Rule 26.2 pre-trial
  disclosure sheets due . . . . . . . . . . . . . . . . . . . .  **10 April 2015**

- Joint report on deposition designation
  disputes (if any)  . . . . . . . . . . . . . . . . . . . . . . . .  **10 April 2015**

- Trial briefs due  . . . . . . . . . . . . . . . . . . . . . . . . .  **10 April 2015**

- Jury Instructions
  (agreed or disputed) due . . . . . . . . . . . . . . . . .  **10 April 2015**

- Responding trial briefs due . . . . . . . . . . . . . . .  **20 April 2015**

- Jury Trial, Pine Bluff Division  . . . . . . . . . . . .  **11 May 2015**

- **Courtroom.**  Unless otherwise noted, all proceedings will be in Courtroom B-155 at the Richard Sheppard Arnold U.S. Courthouse in Little Rock.  If the parties need lots of technology, we will relocate to a courtroom in the annex.

---

[1] Note and follow the procedure specified *infra*.

[2] Note and follow the procedure specified *infra*.

January 2014

-2-

- **Amending Pleadings.** Local Rule 5.5(c) requires a party to attach the proposed amended pleading to the motion. Please make this attachment a redline or comparison copy showing all proposed changes.

- **Protective Orders.** Before filing a motion for approval, counsel should email a draft order in WordPerfect to chambers for review. Alert the law clerk on the case to the draft's submission. Avoid legalese. Short, plain orders are better than long, complicated ones. Incorporate Fed. R. Civ. P. 5.2's mandate for redaction if practicable before any filing under seal. The order should remain in effect no longer than one year after litigation ends, not in perpetuity.

- **Discovery Disputes.** Counsel should confer in good faith *in person* before bringing any discovery dispute to the Court. Do not file motions to compel. Do not file a motion to quash or for protective order unless there is an emergency. If the parties reach a discovery impasse, they should file a joint five-page report explaining the disagreement. Attach documents (such as disputed written discovery) as needed. The Court will rule or schedule a hearing. Alert the law clerk on the case to the joint report's filing. If a dispute arises during a deposition, call chambers so the Judge can rule during the deposition.

- **Summary Judgment.** Motions must comply with Federal Rule of Civil Procedure 56 and Local Rules 7.2 and 56.1. Make the complete condensed transcript of any deposition cited an exhibit. Limit your Rule 56.1 statements to *material* facts. Include a *specific* supporting record citation for each fact asserted. Responding statements of fact must repeat the statement being responded to—like a discovery response. Include a *specific* supporting record citation for each fact disputed or asserted in the responding statement.

> A party's substantial failure to follow these procedures will result in the party having to correct its filing.  If the summary judgment papers are voluminous, the Court would appreciate the parties sending a courtesy paper copy to chambers.

- **Deposition Designations:**  The Court strongly encourages the parties to use live testimony, rather than testimony by deposition, at trial.  If the parties nonetheless need to use deposition testimony, then they must use the following procedure.  Thirty days before Local Rule 26.2 pre-trial disclosure sheets are due, the parties should exchange deposition designations.  As soon as practicable thereafter, counsel must meet and confer in person.  They should try hard to agree on what deposition testimony will be presented at trial and resolve any objections.  If any dispute or objection remains unresolved, then the parties should file a joint report explaining the dispute on the same date pre-trial disclosure sheets are due.  The parties must certify that they met and conferred in person but failed to resolve the disputed issue.  The parties should also deliver to chambers a paper copy of the entire transcript of any deposition involved in any dispute.

- **Jury Instructions.**  The Court will use its own introductory and general instructions.  The parties should submit proposed instructions only on elements and anything unusual and proposed verdict forms.  The Court strongly encourages the parties to confer and agree on these instructions and forms.  The parties should also submit an agreed proposed statement of the case.  Note authority on the bottom of the each proposed instruction.  Please explain the reason for any disputed instructions in your submission.  Send agreed and disputed instructions in WordPerfect to [dpmchambers@ared.uscourts.gov.](mailto:dpmchambers@ared.uscourts.gov)  Alert

January 2014

      the law clerk on the case that you have submitted the instructions.

- **Exhibits.**  The Court strongly encourages the parties to agree on as many of the exhibits as possible before the pre-trial.  Deliver the original exhibits, and one copy, in three-ring binders to the Courtroom Deputy on the last business day (usually a Friday) before the trial starts (usually on a Monday).

- **Pre-Trial Hearing.**  We will address motions in limine, deposition excerpts for use at trial, jury instructions, trial architecture, exhibits, and voir dire.

- **Conflicts Of Interest.**  Counsel must check the Court's list of financial interests on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal.  If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, counsel should bring that fact to the Court's attention immediately.

Please communicate with Martha Fugate, Courtroom Deputy, by e-mail at *martha_fugate@ared.uscourts.gov* to check your position on the calendar as the trial date approaches.  In the event of settlement, advise Ms. Fugate immediately.

      **AT THE DIRECTION OF THE COURT**
      **JAMES W. McCORMACK, CLERK**

      By:  <u>/s/ Martha Fugate</u>
      Courtroom Deputy to Judge D. P. Marshall Jr.

      <u>**27 August 2014**</u>

January 2014